[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13030
Non-Argument Calendar

_____

Agency No. A079-478-300


HONORIO MIGUEL URREGO,
MARTHA LUCIA CANON,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 15, 2021)


Before LAGOA, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Honorio Urrego and Martha Canon ("petitioners") petition for review of the Board of Immigration Appeals ("BIA") final order affirming the immigration judge's ("IJ") denial of their second motion to reopen and denying their motion for *sua sponte* reopening. The petitioners argue that the BIA abused its discretion by denying their second motion to reopen because their due process rights were violated when they failed to receive their notices to appear ("NTA") over 15 years ago, but they concede that the motion was number barred under the pertinent regulations. They also contend that the BIA violated their due process rights by failing to grant them *sua sponte* reopening based on the same lack of notice claim.

## I.

We review only the decision of the BIA, except to the extent that the BIA expressly adopts the IJ's decision. *Flores-Panameno v. U.S. Att'y Gen.*, 913 F.3d 1036, 1040 (11th Cir. 2019). The BIA is not required to discuss every piece of evidence presented in the IJ's order, but it is required to consider all the evidence submitted. *See Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1376 (11th Cir. 2006). We review the BIA's denial of a motion to reopen for an abuse of discretion. *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009). Under this deferential standard of review, we examine whether the discretion exercised was arbitrary or capricious. *Id.*

2

Generally, an alien may file one motion to reopen his removal proceedings. INA § 240(c)(7)(A), 8 U.S.C. § 1229a(c)(7)(A).  An *in absentia* removal order may be rescinded upon the grant of a motion filed: (1) within 180 days from the date of the order if the alien demonstrates that the failure to appear was due to exceptional circumstances; or (2) at any time, if the alien did not receive notice in accordance with 8 U.S.C. § 1229(a), governing NTAs, or if a detained alien failed to appear through no fault of his own.  INA § 240(b)(5)(C), 8 U.S.C. § 1229a(b)(5)(C).

Here, as the petitioners concede, the BIA did not abuse its discretion by concluding that the petitioners' second motion to reopen was number barred because they previously filed a motion to reopen in August 2005.  *See Zhang*, 572 F.3d at 1319; INA § 240(c)(7)(A), 8 U.S.C. § 1229a(c)(7)(A).  Thus, because there is no dispute that the petitioners' second motion to reopen was number barred, we deny the petition for review as to this issue.

## II.

We must inquire into our subject matter jurisdiction whenever it may be lacking.  *Chacon-Botero v. U.S. Att'y Gen.*, 427 F.3d 954, 956 (11th Cir. 2005). We lack jurisdiction to review decisions of the BIA refusing to reopen immigration proceedings in an exercise of its *sua sponte* authority because neither 8 C.F.R. § 1003.2(a) nor 8 U.S.C. § 1103(g)(2) provide any "meaningful standard against

which to judge the agency's exercise of discretion." *See Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1292-93 (11th Cir. 2008) (quotation marks omitted); *see also Butka v. U.S. Att'y Gen.*, 827 F.3d 1278, 1286 (11th Cir. 2016). We acknowledged that we might have jurisdiction over "constitutional claims related to the BIA's decision not to exercise its *sua sponte* power." *Lenis*, 525 F.3d at 1294 n.7. We later noted that the potential for jurisdiction over such claims remains an open question but noted that the jurisdiction conferred in 8 U.S.C. § 1252(a)(2)(D) to review any constitutional claims or questions of law does not apply to denials of motions to reopen *sua sponte*. *Butka*, 827 F.3d at 1284, 1286 n.7.

Additionally, a petitioner may not create jurisdiction "simply by cloaking an abuse of discretion argument in constitutional garb." *Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1284 (11th Cir. 2007) (quotation marks omitted). Instead, the constitutional violation alleged must at least be colorable. *Id.* at 1284. Finally, we lack jurisdiction to "review earlier trips through immigration proceedings." *Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 870 (11th Cir. 2018).

We lack jurisdiction over the petitioners' challenge to the BIA's denial of *sua sponte* reopening. As an initial matter, the petitioners essentially assert two distinct due process challenges. First, they assert that not receiving notice of their removal hearing in 2004 violated their due process rights. Second, they assert that the BIA's failure to grant *sua sponte* reopening and remedy the first due process

4

violation resulted in a second due process violation.  The first due process violation allegedly occurred when the IJ's *in absentia* removal orders were entered during the petitioners' initial removal proceedings, which the petitioners did not appeal, and we lack jurisdiction to "review earlier trips through immigration proceedings." *See Bing Quan Lin*, 881 F.3d at 870.

The second alleged due process violation was not a violation at all because the petitioners had no constitutionally protected interest in being granted a discretionary form of relief, and to confer jurisdiction, the constitutional violation alleged must be colorable.  *See Arias*, 482 F.3d at 1284.  The petitioners' argument is essentially that the due process violation in 2004 rendered the circumstances sufficiently exceptional such that the BIA should have reopened their removal proceedings in 2020.  But that claim amounts to a challenge to the BIA's discretionary authority to reopen their removal proceedings *sua sponte*, which is precisely the type of claim that we are prohibited from exercising jurisdiction over under *Lenis*.  *See Lenis*, 525 F.3d at 1292.  In essence, their argument that the BIA violated their due process rights by declining to exercise its *sua sponte* authority is "simply [] an abuse of discretion argument in constitutional garb."  *See Arias*, 482 F.3d at 1284.  Accordingly, we dismiss this portion of the petition for review.

**PETITION DENIED IN PART AND DIMISSED IN PART.**